UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHAWN ERIC HATFIELD,

               Petitioner,

    v.

TYRELL DAVIS,

               Respondent.

Case No. 1:24-cv-00551-DKG

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Shawn Eric Hatfield ("Petitioner"), challenging Petitioner's state court conviction. Dkt. 3. Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication. Dkt. 16, 20, 22.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 13. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkt. 7. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for

MEMORANDUM DECISION AND ORDER - 1

Summary Dismissal and dismissing the Petition with prejudice as untimely and
procedurally defaulted.

## BACKGROUND

Following a jury trial in the Fifth Judicial District Court in Twin Falls County,
Idaho, Petitioner was convicted of lewd conduct with a child under the age of sixteen, in
violation of Idaho Code § 18-1508. *State's Lodging B-4*. He was sentenced to a unified
term of 25 years in prison with 10 years fixed. *State's Lodging A-1* at 158–60.

Petitioner filed a direct appeal, arguing that the trial court abused its discretion by
allowing the prosecution to elicit police opinion testimony on Petitioner's truthfulness.
*State's Lodging B-1*. The Idaho Court of Appeals affirmed, holding that the testimony
was impermissible but that the error was harmless. *State's Lodging B-4*. The Idaho
Supreme Court denied review and issued its remittitur on November 3, 2020. *State's
Lodging B-6; B-7*.

On October 15, 2021, at the earliest,[1] Petitioner filed a pro se post-conviction
petition in state court. *State's Lodging C-1* at 6–37. Later, through counsel, he filed an
amended petition raising a sentencing claim and five claims of ineffective assistance of
trial counsel: (1) counsel did not ask certain questions at trial; (2) counsel failed to hire an
investigator; (3) counsel did not object to Petitioner's being placed in a "shock belt,"
which induced Petitioner not to testify; (4) counsel failed to object during voir dire; and

---

[1] Inmates are generally entitled to the application of Idaho's mailbox rule, which deems a pro se inmate's
post-conviction petition filed on the date the petition is delivered to prison authorities for placement in the
mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

(5) counsel stated that Petitioner pleaded guilty. *Id.* at 69–72. The state district court dismissed the petition. *State's Lodging C-2* at 497–512.

Petitioner appealed the dismissal of his post-conviction petition and was appointed counsel. *Id.* at 515–20. Appellate counsel later moved to withdraw, however, stating that he could not identify a claim that he could raise on appeal in good faith. *State's Lodging D-1*. The Idaho Supreme Court granted the motion. *State's Lodging D-3*. When Petitioner did not file a timely opening brief, the court conditionally dismissed the appeal, giving Petitioner an additional 14 days to file the brief. *State's Lodging D-4*. Petitioner did not do so. On October 18, 2023, the Idaho Supreme Court dismissed the appeal for failure to file an opening brief. *State's Lodging D-5*.

On November 13, 2024, Petitioner filed the instant federal habeas corpus petition.[2] The Court has already dismissed Claim 2, which asserted actual innocence and ineffective assistance of post-conviction counsel. *See Init. Rev. Order*, Dkt. 9, at 3–4, 6. The remaining claim in the Petition, Claim 1, asserts ineffective assistance of trial counsel based on counsel's alleged failure to call witnesses and failure to ask certain questions of witnesses.

The Court previously reviewed the Petition and allowed Petitioner to proceed on Claim 1 to the extent the claim "was timely filed in this Court and was either properly

---

[2] Habeas petitioners are usually entitled to the benefit of the federal mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). However, because Petitioner did not provide a date or a signature in his Petition, *see* Dkt. 3, there is no admissible evidence as to when Petitioner delivered the Petition to prison authorities for filing. Accordingly, the Petition is deemed filed on the date the Court received it.

exhausted in state court or is subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 5.

Respondent now argues that Claim 1 is barred by the one-year statute of limitations and is procedurally defaulted without excuse. The Court agrees.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 1.    The Petition Is Barred by the Statute of Limitations

Because Petitioner (1) is entitled to statutory tolling only for a portion of the limitations period, (2) is not entitled to equitable tolling for the remaining limitations period, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition as untimely.

### A.    *Statute of Limitations Standards of Law*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which

MEMORANDUM DECISION AND ORDER - 4

the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A).

The first step in a statute of limitations analysis is determining the date when the

petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of

"finality" that begins the one-year time period is marked as follows, depending on how

far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of | Date of denial |

---

[3] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

| certiorari to the United States Supreme Court, and the petition is denied | |
|---|---|
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. The time before a petitioner files an application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that

interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012).

"Pending," as set forth in § 2244(d)(2), also does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Thus, for purposes of calculating the federal statute of limitations, the additional 21-day, 42-day, and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. Further, each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

If statutory tolling is insufficient to render a petition timely, a petitioner may attempt to demonstrate that equitable tolling should also apply to suspend the limitations period. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

With respect to the first prong of equitable tolling, "whether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir.

2016). For a petitioner to satisfy the diligence prong, he "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). In *Smith*, for example, the Ninth Circuit denied equitable tolling because the petitioner "failed to exercise reasonable diligence during the 10 months available after [the extraordinary circumstance ended] and before the … statute of limitations expired." *Id.* at 586.

The second prong of equitable tolling requires extraordinary circumstances that prevented a timely filing. Equitable tolling is not justified by mere oversight or negligence. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013).

Additionally, there must be a causal link between the extraordinary circumstance and the untimeliness of the petition. However, this causal nexus requirement "does not impose a rigid impossibility standard on litigants, and especially not on pro se prisoner litigants." *Smith*, 953 F.3d at 600 (internal quotation marks omitted).

In addition to statutory and equitable tolling, the statute of limitations is subject to an actual innocence exception, also referred to as the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

MEMORANDUM DECISION AND ORDER - 8

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A time-barred claim may be heard under the actual innocence exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This extremely demanding standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted).

### B.    The One-Year State of Limitations Began to Run on February 2, 2021

Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, Petitioner's conviction became final on February 1, 2021, 90 days after the Idaho Supreme Court denied review on November 3, 2020. 28 U.S.C. § 2244(d)(1)(A); United States Supreme Court Rule 13; *State's Lodging B-6*. The statute of limitation began to run the next day, February 2, 2021. Absent tolling, the statute of limitations would have expired one year later, on February 2, 2022. Because the petition in this case was not filed until November 13, 2024, the petition is time-barred unless Petitioner can establish that he is entitled to sufficient statutory or equitable tolling or that he is actually innocent.

### C.    Petitioner Is Entitled to Some Statutory Tolling, But Not Enough to Render his Petition Timely

The statute of limitations began to run on February 2, 2021. Petitioner filed his state post-conviction petition on October 15, 2021, meaning that the statute of limitations had run for 255 days. Under § 2244(d)(2), the limitations period was tolled until October 18, 2023, the day the Idaho Supreme Court dismissed Petitioner's post-conviction appeal. The statute of limitations began running again the next day, on October 19, 2023.

On that date, Petitioner had 110 days remaining in the one-year limitations period (365 days minus 255 days). As a result, AEDPA required that Petitioner file his Petition in this Court no later than February 6, 2024 (110 days after October 19, 2023). Accordingly, Petitioner's November 13, 2024, Petition was filed over nine months too late. Statutory tolling does not render the Petition timely.

### D.    Petitioner Is Not Entitled to Equitable Tolling

As stated above, equitable tolling applies if (1) the petitioner has pursued his rights diligently, and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. For the following reasons, Petitioner has not established that he was diligent or that extraordinary circumstances prevented him from filing a timely petition.

Petitioner asserts that he is entitled to equitable tolling because (1) he does not have legal training and was unaware of how the statute of limitations was calculated; (2) Petitioner believes he may not have received the Idaho Supreme Court's denial of his petition for review in his direct appeal, because he has examined his records and has not

MEMORANDUM DECISION AND ORDER - 10

found that document; (3) Petitioner did not learn of the dismissal of his post-conviction petition until sometime after it was issued, and (4) Petitioner was informed by appellate post-conviction counsel on an unknown date that he had 12 days remaining to file a federal petition. Dkt. 20 at 2, 6, 8.

As to Petitioner's first point, it is well-established that ignorance of the law alone is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Further, the Ninth Circuit has "rejected the argument that lack of access to library materials automatically qualifie[s] as grounds for equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Instead, a petitioner must establish that— due to circumstances beyond his control—he could not have filed "a basic form habeas petition" within the limitations period, despite exercising reasonable diligence. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (denying tolling when a petition was 340 days late because, for three years, the petitioner "had access to all of the documents necessary for his *Faretta* self-representation claim. He could have developed that argument, outlined the other arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information."). And even if a petitioner faces difficulties in accessing his legal materials, he is not entitled to equitable tolling absent credible allegations that he was denied access to a particular document when needed. *Id*.

With respect to Petitioner's claim that he did not receive the Idaho Supreme Court's denial of his petition for review on direct appeal, there is no evidence in the record that Petitioner did not in fact receive it. Petitioner merely states that he cannot now

find the document. The Court notes that the Petition itself accurately identifies the date of

the decision, so it may be presumed that, at some point, Petitioner did indeed have that

document. Further, even if the Court assumes Petitioner never received the denial, that

does not explain why Petitioner did not do anything—in the 255 days before he filed his

post-conviction petition—to check on the current status of his direct appeal. *See Smith*,

953 F.3d at 598–99. Thus, Petitioner has not shown that he exercised reasonable

diligence.

Petitioner also claims he did not become aware of the dismissal of his post-

conviction appeal on October 18, 2023 "until he recontacted postconviction relief

counsel." Dkt. 20 at 8. Because Petitioner does not identify when he actually learned of

the dismissal, he has not established that he was diligent or that he was unable to file a

basic form petition in the 110 days remaining in the limitations period.

Petitioner's final equitable tolling argument—that his post-conviction appellate

attorney told him an incorrect due date for a federal petition—does not qualify as an

extraordinary circumstance sufficient to warrant equitable tolling. As an initial matter,

because post-conviction appellate counsel was no longer representing Petitioner at that

time, Petitioner was not entitled to counsel's advice.

Moreover, for an attorney's error to constitute an extraordinary circumstance

warranting equitable tolling, the attorney's conduct must be "egregious." *Holland*, 560

U.S. at 651. A "garden-variety claim of excusable neglect," such as miscalculation of a

filing deadline, is insufficient. *Id*. (internal quotation marks omitted). Thus, Petitioner's

former post-conviction appellate counsel's advice as to when Petitioner's federal petition

was due does not excuse Petitioner's untimely filing.

### E.   *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

Petitioner has not presented any new, reliable evidence that he is actually innocent.

*See Schlup*, 513 U.S. at 324. Therefore, the miscarriage-of-justice exception does not

apply to excuse the untimeliness of the Petition.

### 2.   Claim 1 is Procedurally Default Without Excuse

In addition to being untimely, Claim 1 also was not fairly presented to the Idaho

Supreme Court and it is now too late for Petitioner to do so. Because Petitioner has not

established a legal excuse for that failure, the claim is subject to dismissal as procedurally

defaulted.

### A.   *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a

federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's

established appellate review process, fairly presenting all constitutional claims to the state

courts so that they have a full and fair opportunity to correct alleged constitutional errors

at each level of appellate review. *Id.* at 845. In a state that has the possibility of

discretionary review in the highest appellate court, like Idaho, the petitioner must have

presented all of his federal claims at least in a petition seeking review before that court.

*Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts

and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Id*. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093–94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER - 14

### B.    *Claim 1 Is Procedurally Defaulted*

On direct appeal, Petitioner raised only a state law claim of abuse of discretion. *State's Lodging B-1*. Because Petitioner did not raise any federal claims on direct appeal, that proceeding could not have fairly presented Claim 1 to the Idaho Supreme Court.

In Petitioner's post-conviction proceedings, the Idaho Supreme Court dismissed Petitioner's appeal for failure to file an opening brief. Failure of a party to file a timely opening brief on appeal is grounds for dismissal of the appeal under Rule 21 of the Idaho Appellate Rules. *See* Idaho App. R. 21 ("Failure of a party to timely take any … step in the appellate process [other than filing a notice of appeal or cross-appeal] shall not be deemed jurisdictional, but may be grounds only for such action or sanction as the Supreme Court deems appropriate, which may include dismissal of the appeal."). Petitioner has pointed to, and the Court has found, nothing to indicate that Rule 21 is not adequate and independent. Thus, the claim is procedurally defaulted.

### C.    *Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claim*

The Court's conclusion that Petitioner's claim is procedurally defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup*, 513 U.S. at 329.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to

MEMORANDUM DECISION AND ORDER - 15

comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show

"prejudice," a petitioner generally bears "the burden of showing not merely that the errors

[in his proceeding] constituted a *possibility* of prejudice, but that they worked to his

*actual* and substantial disadvantage, infecting his entire [proceeding] with errors of

constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel ("IAC") may constitute cause for a default. For

example, the failure on appeal to raise a meritorious claim of trial error—or the failure at

trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See*

*Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's

ineffectiveness in failing properly to preserve the claim for review in state court will

suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to

excuse a default, that IAC claim must itself have been separately presented to the state

appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to

the state courts as an independent claim before it may be used to establish cause for a

procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or

direct appeal counsel as cause to excuse the default of an underlying habeas claim, a

petitioner generally must have presented the ineffective assistance of counsel claim in a

procedurally proper manner to the state courts, such as in a post-conviction relief petition,

including through the level of the Idaho Supreme Court. If the ineffective assistance

asserted as cause was not fairly presented to the state courts, a petitioner must show an

excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-

MEMORANDUM DECISION AND ORDER - 16

counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule on procedural default is that any errors of post-conviction counsel *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752.

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez,* the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9.[4] The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id.* at 14.

The Supreme Court has described the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of

---

[4] Although *Martinez v. Ryan* can permit a federal habeas petitioner to *raise* a procedurally defaulted claim of ineffective assistance of trial counsel, it generally does not permit factual development outside the state court record to *prove* that claim. Instead, claims that can be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which does not permit new evidence in federal habeas proceedings unless petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 596 U.S. at 371 (2022).

MEMORANDUM DECISION AND ORDER - 17

counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists

of there being "no counsel" or only "ineffective" counsel during the state collateral

review proceeding; (3) the state collateral review proceeding was the "initial" collateral

review proceeding where the ineffective assistance of trial counsel claim could have been

brought; and (4) state law requires that an ineffective assistance of counsel claim be

raised in an initial-review collateral proceeding, or by "design and operation" such claims

must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416,

423, 429 (2013).

Petitioner argues that he is excused from procedural default because of ineffective

assistance of counsel. Dkt. 20 at 10–14. To the extent Petitioner contends that trial or direct

appeal counsel was ineffective in failing to fairly present Claim 1 in state court, any such

ineffectiveness claim was not fairly presented in state court, and Petitioner has not shown

an excuse for that failure. *See Edwards*, 529 U.S. at 452–53. Thus, any such ineffectiveness

does not excuse Petitioner's default.

To the extent Petitioner also contends that ineffectiveness of post-conviction

counsel caused the default of his claim, the Court disagrees. Initial post-conviction counsel

included Claim 1 in Petitioner's amended state post-conviction petition. *State's Lodging

C-1* at 69–72. The cause of the default was not the fault of initial post-conviction counsel,

but rather Petitioner's failure to file an opening brief on appeal. Under *Martinez v. Ryan*, a

petitioner may not use, as cause to excuse default, any error that occurred in "appeals from

initial-review collateral proceedings." *Martinez*, 566 U.S. at 16. Thus, Petitioner is not

entitled to application of the cause and prejudice exception to procedural default.

MEMORANDUM DECISION AND ORDER - 18

Finally, as explained above with respect to the statute of limitations, Petitioner has not established that he is actually innocent. Thus, the default of Petitioner's claim is not excused on that basis.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition as barred by the one-year statute of limitations and as procedurally defaulted without excuse.

## ORDER

**IT IS ORDERED:**

1.   Because Petitioner's response to Respondent's Motion for Summary Dismissal was timely filed, Petitioner's Motion for Extension of Time (Dkt. 19) is MOOT.

2.   Respondent's Motion for Summary Dismissal (Dkt. 16) is GRANTED, and the Petition is DISMISSED with prejudice.

3.   The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: September 3, 2025

Honorable Debora K. Grasham
United States Magistrate Judge